MICHAEL B. CLAYTON  SB# 151678
WILLIAM L. REDELL SB# 182557
MICHAEL B. CLAYTON & ASSOCIATES
400 East Orange Street
Santa Maria, California 93454
Telephone: 805.928.5353
Facsimile:  805.928.5221

Attorney for Defendant: MONICA BAGBY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 10-cr-00572-VBF |
| Plaintiff, | ) SENTENCE RECOMMENDATION IN ) SUPPORT OF MONICA BAGBY |
| vs. | ) |
| MONICA BAGBY, | ) |
| Defendant. | ) |

Defendant, MONICA BAGBY, through her attorney of record Michael B. Clayton, hereby files its sentence recommendation in her support. Defendant's position is based upon the following documentation and memorandum of points and authorities, the undisputed facts in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

## I. FACTUAL BACKGROUND

Ms. Monica Bagby stands before the court having entered a guilty plea to all counts of a four-count Information charging her with Bank Fraud in violation of Title 18, United States Code §1344. Ms. Bagby entered such plea based upon a negotiated Plea

Agreement between the United States Attorney's Office (USAO) and Monica Bagby, by and through her Attorney, Michael B. Clayton.

The Plea Agreement entered into by the parties binds the parties to a total offense level of 14. The parties agreed not to seek, argue, or suggest in any other way that any other specific offense characteristics, adjustments or departures, should be imposed.

The facts and evidence are well-documented in the case before us. Both parties agree with the determination of the Pre-Sentence Report that Ms. Bagby has zero criminal history points and falls within criminal history category I, resulting in a Guidelines range of 15-21 months in Zone D. The Defendant accepts full responsibility for her actions and while understanding the depth and magnitude of her wrongdoing is hoping the Court would consider some of the events and circumstances in her life when decided on the appropriate punishment.

There are several mitigating factors that must be accounted for when determining an appropriate sentence, none of which are offered as an excuse, but rather an explanation to how Ms. Bagby ended up making such a poor decision..

**MEDICAL HISTORY**

Ms. Bagby has a long history of medical, physical and neurological issues that prevent her from making sound decisions. She has been diagnosed with anxiety as well as depression over a decade ago. She is recovering from a gambling addiction and just recently she was diagnosed with bipolar disorder. Ms. Bagby has had her medications adjusted several times over the years and currently feels she has but some of her problems behind her. She understands the charges before her and admits that this was basically the wake-up call she need to get her life back on track.

Further, she admitted her fault from the very beginning and assisted the prosecution in every way possible with their investigation. All such factors were considered when the USAO and Ms. Bagby entered into a Plea Agreement. While Ms.

Bagby agrees that any punishment that is just and reasonable is appropriate, she wants to assure the Court that she has learned her lesson and that it is her primary goal to provide Restitution to the victim in this case and is hopeful she will be allowed to remain out of custody so she can begin to pay Restitution, as well, as care for her children.

## PRIOR CRIMINAL HISTORY

Ms. Bagby has zero prior criminal history. Ms. Bagby led a crime-free life and really was an outstanding member of the community before her admitted failing. She is eager to prove that she is an honest, hard-working, productive member of society to her community, her family and most importantly to herself if/when given the opportunity.

## RESTITUTION

Ms. Bagby understands the large amount that needs to be paid back to the victim and has tentatively worked out a loan for a substantial amount from her father that hinges upon her seeking and maintaining employment if she were to remain out of custody under some combination of Probation and House Arrest. If this is something the Court would consider Declarations from Ms. Bagby and her father can be provided.

## PLEA AGREEMENT

Pursuant to a written Plea Agreement, the USAO and Ms. Bagby agreed and stipulated to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | +7 | [USSG § 2B1.1 (a) (1)] |
| Specific Offense | : | +10 | [USSG § 2B1.1 (b) (1) (F)] |
| Acceptance of Responsibility | : | -3 | [USSG § 3E1.1 (b)] |

Ms. Bagby agreed that at the time of sentencing, provided she demonstrate acceptance of responsibility for the offense up to and including the time of sentencing, the USAO would recommend a three-level reduction in the applicable sentencing guideline offense level, pursuant to USSG § 3 E 1.1.

Ms. Bagby understood these Sentencing Guidelines are only advisory and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose a reasonable sentence up to the maximum set by statute. Ms. Bagby respectfully requests that the Court, although not duty bound to do so, follow the sentencing guidelines that were stipulated upon between the two parties.

## GUIDELINE SENTENCING

Title 18, Part 2, Chapter 227, subchapter A, Section 3553 (2) (A) (ii) provides that the Court can find there exists mitigating circumstances of a kind or degree that, (1) "has been affirmatively and specifically identified as a permissible ground of downward departure in the sentencing guidelines or policy statements issued under Section 994 (a) of title 28, taking account of any amendments to such sentencing guidelines or policy statements by Congress."

In the Plea Agreement between the USAO and Monica Bagby, the parties stipulated to a base level offense of 7, a ten-level increase for the Specific Offense Characteristics (Loss), and a three-level decrease for acceptance of responsibility.

The USAO and Ms. Bagby maintain its view that the sentencing guideline calculations in the Plea Agreement are consistent with the facts of this case.

## DIMINISHED CAPACITY

Another permissible downward departure is based upon the concept of "Diminished Capacity." A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly

reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

Ms. Bagby's medical issues and the medications she was taking could have negatively impacted her capacity to deal with the decisions she was making at the time. Her disorder coupled with her extreme compulsion to gamble significantly impaired her ability to understand the magnitude of wrongfulness of her behavior. Further, it significantly reduces her ability to exercise the power of reason or control behavior that the defendant knows is wrongful.

In *United States v. Sadolsky*, 234 F.3d 938 (6th Cir. 2000) the Court held that the Defendant's gambling problem qualified as a significantly reduced mental capacity. Ms. Bagby suffered from a disorder of which she had little to no control over. Bagby exhibits the type of compulsion that hinders alcoholics and gamblers. Clearly, the compulsive behavior coupled with her mental disorder would have an effect on her capacity to be able to control this kind of behavior.

## MENTAL & EMOTIONAL CONDITIONS

Although mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, they may be relevant in determining the conditions of probation or supervised release. It can be argued that Ms. Bagby's mental and emotional state led to the conduct in question. Ms. Bagby led an isolated life filled with depression, mental disorder, and alcoholic husband and extreme compulsion. Her

ability to make reasoned decisions was significantly impaired. Emotional conditions, like mental impairments may distort or suppress the formation of reasoned decisions. Ms. Bagby, regretfully, turned to gambling for an escape and made a poor choice. However, she has taken responsibility for her actions and is hopeful she can receive the help he needs through counseling.

## CONCLUSION

Ms. Bagby is requesting that the Court consider all the factors of mitigation and allow her a Probationary Sentence that includes Community Confinement or home detention as a condition. Ms. Bagby would abide by all the terms and conditions the Court would have her follow. In the alternative, if the Court sentences Ms. Bagby to custody time followed by probation, then Ms. Bagby would urge the Court to follow the Plea Agreement.

In considering her criminal history category, Ms. Bagby hopes you would take into consideration that she has led an exemplary life up until this recent transgression and is eager to prove this was an anomaly and not a true reflection of her character.

Ms. Bagby understands the serious nature of the charges before her and, respectfully, requests that the Court weigh all mitigating factors when determining an appropriate sentence.

Dated: December 23, 2010

Respectfully submitted,

William L. Redell
Attorney for Defendant,
MONICA BAGBY